UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY SHERELL THOMPSON,<br><br>                  Plaintiff,<br><br>-against-<br><br>OPTUM UNITED HEALTH CARE;<br>OPTUM/UNITED HEALTH GROUP;<br>UNITED HEALTH CARE CORPORATE<br>HEADQUARTERS,<br><br>                  Defendants. | 1:25-CV-8485 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tiffany Sherell Thompson, of the Bronx, New York, filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").[1] Because Plaintiff alleges that she has suffered employment discrimination on the basis of her disability or perceived disability (ECF 1, at 2), the Court understands Plaintiff's complaint as additionally asserting claims under the Americans with Disabilities Act of 1990 ("ADA"). She sues: (1) Optum United Health Care; (2) Optum/United Health Group; and (3) United Health Care Corporate Headquarters. Plaintiff asserts that all of these defendants are located in Minnesota. (*Id.* at 4, 7.)

      For the reasons discussed in this order, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for District of Minnesota.

---

[1] Plaintiff has neither paid the fees to bring this action nor submitted a completed and signed *in forma pauperis* ("IFP") application. She has included, however, within her complaint, the first page of an IFP application. (ECF 1, at 5.)

**DISCUSSION**

Under the applicable venue provision for Plaintiff's claims under Title VII and the ADA, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA).

Plaintiff specifically alleges that the location where she sought employment or was employed by the defendants was a location in Minnesota. (ECF 1, at 4.) While she does not specify where the unlawful employment practice was committed, where the relevant employment records are maintained and administered, or where the defendants have their principal offices, it would appear that the locations of at least some of those places would also be in Minnesota. (*See id.* at 4, 7.) The State of Minnesota constitutes one federal judicial district, the District of Minnesota. *See* 28 U.S.C. § 103. Plaintiff alleges nothing to suggest that any of the locations listed in the abovementioned venue provision are found within this judicial district, the Southern District of New York.[2] Thus, the United States District Court for the District of Minnesota, and not this court, is a proper venue for Plaintiff's claims under Title VII and the ADA.

---

[2] The Southern District of New York is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Claims under the ADEA are governed by the general venue provision at 28 U.S.C. § 1391(b). *See, e.g.*, *Grasberg v. N.Y.C. Dep't of Educ.*, No. 1:20-CV-10994 (CM), 2020 WL 8512843, at *1 (S.D.N.Y. Dec. 29, 2020); *Holmes v. Romeo Enters., LLC*, 7:15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) ("Notwithstanding the [ADA's] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies."), *appeal dismissed*, 667 F. App'x 317 (2d Cir. 2016) (summary order). Under Section 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[3] § 1391(c)(1), (2).

All of the defendants would seem to reside in the District of Minnesota (ECF 1, at 4, 7); Plaintiff alleges nothing to suggest that any of the defendants reside in the State of New York, let

---

[3] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

alone, within this judicial district. Thus, under Section 1391(b)(1), the United States District for the District of Minnesota, and not this court, is a proper venue for Plaintiff's claims under the ADEA. In addition, while Plaintiff seems to assert that a substantial portion of the alleged events took place in Minnesota (*id.* at 4), she does not assert that any of the alleged events took place within this judicial district. Accordingly, it would also appear that, under Section 1391(b)(2), the abovementioned court, and not this court, is a proper venue for Plaintiff's claims under the ADEA.

Because this court does not appear to be a proper venue for any of Plaintiff's claims, it is the wrong venue for all of them. Under 28 U.S.C. § 1406, if a plaintiff files a civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the United States District Court for the District of Minnesota is a proper venue for all of Plaintiff's claims, *see supra* at 2-4, in the interest of justice, the Court transfers this action to that court. *See id*.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Minnesota. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge